UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

UNITED STATES OF AMERICA

                  -v.-           Indictment No.: 07-cr-0000212(13)

VICTOR SALDIVAR-RUIZ,

                              DEFENDANT

------------------------------------------------------------------ X


## DEFENDANT'S PRE-SENTENCE MEMORANDUM
## IN SUPPORT OF A NON INCARCERATORY GUIDELINE SENTENCE

| | |
|---|---|
| Prepared For: | Honorable Richard J. Arcara<br>U.S. Chief District Judge |
| Prepared By: | Daniel S. Kratka, Esq.<br>Wilens and Baker, P.C.<br>450 Seventh Avenue, 12th Floor<br>New York, NY 10123<br>(p)212-695-0060<br>(f)212-695-5790<br>dkratka@wilensandbaker.com |
| Sent to: | John E. Rogowski, Esq.<br>Assistant United States Attorney |
| Date of Memorandum: | February 11, 2013 |
| Sentence Date: | February 19, 2013 |

## INTRODUCTION

I submit this sentencing memorandum in support of my client's upcoming sentencing before this Court based upon his plea of guilty to a violation of 18 U.S.C. §2320, Conspiracy to Engage in Trafficking in Counterfeit Goods.  As a result of defendant's superb cooperation in this matter, the Government has granted defendant a seven level reduction, pursuant to 5K1.1 of the Sentencing Guidelines.  This reduction, coupled with my client's minimal role in the offense, lack of any criminal history, and immediate acceptance of responsibility places my client's offense level at 10, which yields a guideline range of 6-12 months imprisonment.  However, a level 10 also falls within Zone B of the Sentencing Table, and pursuant to Section 5C1.1(3) of the Guidelines, the court is authorized to impose a sentence of home detention as a condition of probation.  Moreover, the court may also impose a sentence of time served, which in this case would be satisfied by the 23 days defendant spent in jail prior to his release on bond.  For the compelling reasons set forth below, defendant respectfully requests that this Court sentence defendant to a non incarceratory sentence.

## GOALS OF SENTENCING

Title 18, Section 3553 of the Federal Sentencing Guidelines recognizes that there are no absolute sentencing rules that can be universally applied to every defendant and every criminal offense fact pattern.  While the sentencing guidelines aim to provide a structure of uniformity and fairness in sentencing, imposition of a just and fair sentence requires an analysis of the specific defendant and facts before the court.  To that end, Section 3553(a) provides that the court, in determining a sentence to be imposed, shall consider the following factors:

-the nature and circumstances of the offense and the history and characteristics of the defendant;

-the need for the sentence imposed-

-to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

-to afford adequate deterrence to criminal conduct;

-to protect the public from further crimes of the defendant; and

-to provide the defendant with needed educational or vocational training, medical

care, or other correctional treatment in the most effective manner;

-the kinds of sentences available;

-the kinds of sentence and the sentencing ranges

The United States Sentencing Guidelines which, prior to *Booker* were mandatory, and

no longer are, are just one among several factors to be utilized in imposing the

appropriate sentence. *Kimbrough v. United States*, — U.S. —, 128 S. Ct. 558, 564 (2007).

"The statute [*i.e.*, 18 U.S.C. § 3553], as modified by [*United States v.*] *Booker*, [543 U.S.

220 (2005)] contains an overarching provision instructing district courts to 'impose a

sentence sufficient, but not greater than necessary,' to achieve the goals of sentencing."

*Id*. at 570.

## DEFENDANTS EXCEDINGLY MINIMAL ROLE IN THIS CASE

As the court is well aware, the goal of the conspiracy in this case was to ship

counterfeit Nike sneakers from china to the United States and sell them at a discounted

price to consumers.  While the charged conspiracy was complex with the upper level

defendants' netting million of dollars in profits, my client's participation was exceedingly

minimal, yielding him a pittance of money.  Mr. Saldivar-Ruiz (33) is a hard working

immigrant, whose sole desire in life is to help support his wife and three children.  A

review of his work history in the PSR indicates that he has always maintained continues

employment in factories in New York City as a clothes presser.  In 2007, due to the

economic downturn, he was laid off from the factory that he had worked at for several

years.  Desperate to provide for his family, he was approached by an employee for Malik

Bazzi, who told him that he could earn money by working at a warehouse in the city

offloading sneakers.  At first he was not told that the sneakers were counterfeit but soon

came to learn that they were in fact counterfeit.  Mr. Saldivar-Ruiz only worked at the

warehouse for approximately 5 months and was paid by Malik Bazzi a measly $100 a day

to offload the sneakers at the warehouse.  Mr. Saldivar-Ruiz had no decision making

ability and was not aware of the full scope of Bazzi's enterprise.  He acted simply as a

laborer.  Mr. Saldivar-Ruiz's participation in this case was not based upon greed or his

desire to avert the rule of law.  To be sure, Mr. Saldivar Ruiz had no prior criminal history and his motivation to work for Bazzi as a laborer was primal- he needed to be able to feed his family when he was laid off from his job.   While the infringement amount calculated for Mr. Saldivar-Ruiz is of 1.3 million, his minimal involvement is not reflected in that number.

## EARLY ACCEPTANCE OF RESPONSIBILITY AND SUPERB COOPERATION

Mr. Salidvar-Ruiz is extremely remorseful for his actions in this case.  As a result of his actions in this case, despite his status as a legal permanent resident, he is facing deportation from the United States and separation from his wife, children, siblings, and friends.  Despite his predicament, Mr. Saldivar-Ruiz has done everything humanely possibly to assist the Government and show this Court that his conduct in this case was aberrational.  As the court will note, Mr. Saldivar-Ruiz was among the first defendants to accept responsibility for his actions and plead guilty.  As detailed in the Government's 5K1.1 letter, he was also amongst the first to proffer with the Government and testify in the grand jury against other co-defendants in this case.  His testimony was complete, truthful, and useful in aiding the Government in this case.  In addition to his proffer and grand jury testimony, Mr. Saldivar Ruiz came to Buffalo several months ago to prepare to testify against eight remaining co-defendants that were slated for trial.  As the Government indicates in their 5K1.1 letter, Mr. Saldivar-Ruiz's cooperation was critical in that seven of these co-defendants pleading guilty on the eve of trial.  In sum, the Government has indicated that Mr. Saldivar-Ruiz's cooperation played a key role in saving the Government and the public the time and cost of a lengthy trial.

## MR SALDIVAR-RUIZ'S LIFE SINCE HIS ARREST IN 2007

Upon his arrest in September of 2007, Mr. Saldivar Ruiz was released on $20,000 secured bail. As his ties to New York were firm, he was *not* placed on supervised release. He returned to New York City and found gainful employment at HKY Fashion, Inc, where he worked for the next three years.  The company recently went out of business and Mr. Saldivar-Ruiz was hired by Jisan Group, LLP in New York City.  He makes $8/hour pressing garments.  Mr. Saldivar Ruiz has paid state and federal taxes for the last

four years.  Victor's wife works as a housekeeper and they have three children together-Victor (16), Edwin (13), and Edward (9).  The children all attend public school and are in good standing in their respective classes.  Victor's children are his life and he works long and hard hours in order to provide for them.  Imposition of a prison sentence would make it impossible for Victor's wife to support the children alone.  Victor's children depend on him as a source of financial and emotional support.  More fundamentally, Mr. Saldivar-Ruiz has shown over the last five years, beyond all doubt, that he is a hard working, law abiding, family man that he not in need of continued supervision or monitoring by the criminal justice system.  He had no contact with the criminal justice system, has maintained continuous and legal employment, has paid taxes, supported his family, and assisted the Government when asked to.

## A JUST SENTENCE

Under the facts of this case, a term of imprisonment would not serve any of the four stated purposes of sentencing; protection of the public from further crimes of the defendant, assurance of just punishment, promotion of rehabilitation, and deterrence. Victor Sadivar-Ruiz is a happily married man.  He has no prior criminal record, and no history of drug or alcohol abuse.  To the contrary, his history indicates that he is extremely hard working and has shown that he is capable of supporting his family by legal means.  He has acknowledged his guilt and at the first possible moment and cooperated with the Government to the utmost of his ability.  He poses no threat to the public safety.  He has been punished severely by his actions in this case as his ability to legally reside in the United States has been jeopardized.  Given the positive direction his life is headed in, it is highly unlikely that he will recidivate.  Lastly, given the unique context of the offense at issue here general deterrence can be more than adequately fulfilled with a non incarceratory sentence.

Accordingly, for the reasons discussed herein, I respectfully ask the court to sentence Mr. Saldivar-Ruiz to a non-jail sentence.

Respectfully Submitted,

s/Daniel Kratka, Esq

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,


-vs-                                                            No: 07-CR-0000212-013

VICTOR SALDIVAR-RUIZ,

        Defendant

_____/

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2013, I electronically filed a copy of this sentencing memorandum with the clerk of the District Court using CM/ECF system and that the foregoing as delivered to the following using the CM/ECF System.
      Hon. Richard J. Arcara, Chief U.S. District Judge
      John E. Rogowski, Esq, Assistant United States Attorney.

On this 11th day of February, 2013

                          S/Daniel Kratka____
                          Daniel Kratka, Esq,